**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIAN XOL VALLE,<br><br>                                  Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                                  Respondents. | Case No.:  3:26-cv-03437-RBM-JAC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court are Petitioner Elian Xol Valle's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (Doc. 1) and Ex Parte Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons set forth below, the Petition is **GRANTED** and the TRO Motion is **DENIED AS MOOT**.

### I.        BACKGROUND

Petitioner, a citizen and national of Guatemala, entered the United States with his father as a minor on April 29, 2019.  (Doc. 1 ¶¶ 20, 25–26; Doc. 6-1 at 8.)  Petitioner's father claimed fear of persecution or torture for him and Petitioner if they were to return to Guatemala.  (Doc. 6-1 at 9.)  Petitioner was detained, served with a Notice to Appear ("NTA"), and processed for removal under 8 U.S.C. § 1182.  (*See id*.; Doc. 1-4 at 1–2.)

1

"The [NTA] was filed with the San Francisco Immigration Court on January 29, 2020." (Doc. 1-2 at 6.)  Petitioner was released from detention shortly thereafter under an Order of Recognizance, "placed on an order of supervision[,] and attended regular ICE check-ins." (Doc. 1 ¶ 29; *see* Doc. 6-1 at 10; Doc. 1-3, Declaration of Mara Hayn ["Hayn Decl."] ¶ 4.)  After Petitioner and his father attended their initial supervision appointment together, Petitioner was informed that he was not required to appear for ICE check-ins "with the same frequency as his father" because he was a minor attending school.  (Doc. 1-3 [Hayn Decl.] ¶ 5.)  Petitioner still remained in an alternative to detention program, the Intensive Supervision Appearance Program ("ISAP"), and subject to ICE supervision.  (*Id*. ¶ 6; *see* Doc. 1-2 at 2.)

On January 11, 2021, Petitioner's father filed an application for asylum "which would allow Petitioner to remain lawfully in the United States as a derivative asylee." (Doc. 1-2 at 6–7; *see* Doc. 6-1 at 10.)  From 2022 through 2024, Petitioner was arrested and convicted of several misdemeanor violations as a minor.  (*See* Doc. 6-1 at 10–11.)  On August 13, 2025, Petitioner was arrested for possession of a weapon other than a firearm. (*See* Doc. 6-1 at 10.)  Petitioner was convicted on October 20, 2025, and sentenced to "90 days of jail with work release and 24 months of probation beginning on November 17, 2025." (Doc. 1 ¶ 30.)

On January 10, 2025, Petitioner's father attended a scheduled appointment with ICE and was instructed to bring Petitioner to his next scheduled appointment.  (Doc. 1-3 [Hayn Decl.] ¶ 8.)  As instructed, Petitioner and his father attended the scheduled appointment on January 9, 2026.  (*Id*. ¶ 10.)  During that appointment, Petitioner was issued an Order of Release on Recognizance ("OREC"), placed on an ankle monitor for electronic monitoring, and "instructed to begin reporting for monthly ICE supervision appointments."  (*Id*.; *see* Doc. 6-1 at 3, 5, 10.)  "He was not told the reason why or for how long he would wear the ankle monitor."  (Doc. 1 ¶ 31.)  Petitioner continued to attend his required monthly ICE check-ins.  (Doc. 1-3 [Hayn Decl.] ¶ 10.)

On May 26, 2026, Petitioner was waiting to attend a scheduled ICE check-in when

2

an ICE officer took Petitioner in for questioning regarding his most recent arrest. (*Id.* ¶¶ 33–34; Doc. 6-1 at 10.) Petitioner was then informed he was being detained but "was never provided a specific reason for his detention." (Doc. 1 ¶ 37.) "The officers only alluded to his criminal history, stating that they 'have seen it all.'" (*Id.*) Petitioner was subsequently served with a Form I-200, Warrant for Arrest of Alien, and transferred to the Otay Mesa Detention Center. (*See id.* ¶ 41; Doc. 6-1 at 2.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, and accompanying regulations. (Doc. 1 ¶¶ 43–60.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 6 at 2.) "However, [Respondents] acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "on that basis . . . do[ ] not oppose the [P]etition and aver[ ] that a bond hearing is the appropriate remedy based on Petitioner's consistent failure to obey the laws of the United States and California." (*Id.* at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners

3

3:26-cv-03437-RBM-JAC

who were previously released from detention on their own recognizance and re-detained several years later. In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause." Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see Penagos-Alvarez v. LaRose*, Case No.: 3:26-cv-00865-RBM-MSB, 2026 WL 539340 (S.D. Cal. Feb. 26, 2026); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights." *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV 01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance).

Like in *Faizyan*, Petitioner was detained upon his initial entry into the United States as a minor and released from ICE custody on his own recognizance. (*See* Doc. 6-1 at 10; Doc. 1-3 [Hayn Decl.] ¶ 4.) After residing in the United States for nearly seven years, Petitioner was re-detained and taken into ICE custody in May 2026. (Doc. 1 ¶¶ 3–5, 32–38.) About four months prior to his re-detention, Petitioner was issued another OREC, placed on an ankle monitor, and "instructed to begin reporting for monthly ICE supervision appointments." (Doc. 1 ¶¶ 10–11; *see* Doc. 6-1 at 3, 5, 10.) The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner's detention is governed by § 1226(a); and (2) ICE's revocation of Petitioner's release on his own recognizance without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7; *Leiva Flores v. Albarran*, Case No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding a due process violation where the petitioner was initially released

3:26-cv-03437-RBM-JAC

on an order of release on recognizance and requiring hearing before detention).[1]

Respondents argue that "a bond hearing is the appropriate remedy based on Petitioner's consistent failure to obey the laws of the United States and California." (Doc. 6 at 3 (footnote omitted).) "But this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021). "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Additionally, Respondents released Petitioner on his own recognizance in January 2026—almost three months *after* his most recent criminal conviction in October 2025. (Doc. 6-1 at 3–5). Petitioner "gained a liberty interest in [his] continued freedom when [ICE] elected to release [him] on [his] own recognizance under [§] 1226(a), which implied a promise that [he] would not be re-detained so long as [he] abided by the terms of [his] release." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025); *see also Ortega*, 415 F. Supp. 3d at 970 (rejecting the government's argument that the petitioner's liberty interest was lessened due to "his conviction and his noncitizen status" because he "ha[d] already completed his criminal sentence, and at issue now is a civil detention."). "Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

And since DHS's determination that Petitioner should be released on his own recognizance, the record before the Court contains no evidence of materially changed circumstances. *See Saravia*, 280 F. Supp. 3d at 1176; *Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025). The alleged change

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-03437-RBM-JAC

in circumstances—Petitioner's criminal arrests and conviction—took place *before* Respondents issued the OREC in January 2026 and subjected Petitioner to additional conditions of release, including electronic monitoring and monthly ICE supervisory appointments. (*See* Doc. 6-1 at 10 (stating that Petitioner was taken into ICE custody "due to his crimes and violations of his OREC conditions" but also stating that Petitioner's most recent arrest was in August 2025 and that Petitioner was issued an OREC in January 2026).) Respondents do not explain why Petitioner was not re-detained at his January 2026 appointment, do not point to any change in circumstances that would warrant reconsideration of Petitioner's parole, do not claim any violation of Petitioner's recent OREC conditions, and do not articulate any other reason for his re-detention. (*See* Doc. 1 ¶ 10.) The Court therefore finds that immediate release is the appropriate remedy.

### IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to the conditions of his preexisting parole.

2. The Court **ORDERS** that, prior to any re-detention, the noncitizen **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

3. The TRO Motion (Doc. 2) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: July 10, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

6

3:26-cv-03437-RBM-JAC